O

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN L. ROBERTS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-508 |
| | § | |
| BEASLEY TIRE SERVICE, INC., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM AND ORDER

Pending is Plaintiff John L. Roberts's Motion to Remand and for Sanctions (Document No. 4). After carefully considering the motion, response, and the applicable law, the Court concludes that the case should be remanded.

I. Background

Plaintiff John L. Roberts ("Plaintiff") brought this suit in state court against his former employer, Defendant Beasley Tire Service, Inc. ("Defendant"), alleging that Defendant's negligence caused him to suffer severe injuries to his hand, wrist, and forearm. Specifically, Plaintiff alleges that his accident was due to Defendant's failure to provide, among other things, a safe workplace, proper equipment, and proper assistance and training. *See* Document No. 4 ex. A ¶ 5.

Plaintiff further alleges that Defendant, who is a non-subscriber to the Texas Workers' Compensation Act ("TWCA"), was "negligent in failing to provide workers' compensation subjecting Defendant to the penalties as a non-subscriber." Id. ¶ 6.

Defendant removed the action, alleging that federal question jurisdiction exists because the Employee Retirement Income Security Act ("ERISA") preempts Plaintiff's claims.[1] Defendant points out that it is the Administrator of an Occupational Injury Plan (the "Beasley Plan"), which provides benefits to employees injured as a result of on-the-job injuries, and which "is reimbursed to the extent allowable by an ERISA Insurance Policy issued by Lexington Insurance Company." Document No. 6 at 2. According to Defendant, because "[t]here is no other source of coverage to provide benefits for Mr. Roberts's alleged injuries or to satisfy any judgment and/or settlement regarding the alleged injury/occurrence," the damages Plaintiff seeks "bring administration of the Beasley ERISA Plan into effect, and Plaintiff's claims therefore "specifically and directly relate[]

---

[1] Defendant also contends that the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1 et seq., confers federal question jurisdiction because the Beasley Plan contains an arbitration provision. See Document No. 6 at 2. However, "[i]t is well-established that the FAA is not an independent grant of federal jurisdiction." Smith v. Rush-Retail Centers, Inc., 360 F.3d 504, 505 (5th Cir.), cert. denied, 125 S. Ct. 100 (2004).

to ERISA." Id. at 3. Plaintiff moves to remand, arguing that he is not seeking to recover benefits under the Beasley Plan and that his negligence claim is entirely independent of the Beasley Plan and would exist even if there were no Beasley Plan. See Document No. 4.

## II. Motion to Remand

Under 28 U.S.C. § 1441(b), cases filed in state court which arise under the "Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." "[W]hen faced with a motion to remand, it is the defendant's burden to establish the existence of federal jurisdiction over the controversy." Winters v. Diamond Shamrock Chemical Co., 149 F.3d 387, 397 (5th Cir. 1998). Any doubt as to the propriety of the removal is to be resolved in favor of remand. See Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000); Walters v. Grow Group, Inc., 907 F. Supp. 1030, 1032 (S.D. Tex. 1995) (Harmon, J.).

When a plaintiff's state law claims are completely preempted by federal law, the plaintiff's claims arise under federal law, thereby permitting removal. See Aetna Health Inc. v. Davila, 124 S. Ct. 2488, 2494 (2004); Metropolitan Life Ins. Co. v. Taylor, 107 S. Ct. 1542, 1546 (1987). State law claims that

fall within the scope of ERISA § 502(a), 29 U.S.C. § 1132(a), are completely preempted by ERISA. *See* Aetna, 124 S. Ct. at 2495; Metropolitan Life, 107 S. Ct. at 1546-48. Section 502(a) authorizes a participant or beneficiary of an ERISA plan "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). "[B]y providing a civil enforcement cause of action, [§ 502(a)] completely preempts any state cause of action seeking the same relief regardless of how artfully pled as a state action." Copling v. The Container Store, Inc., 174 F.3d 590, 594 (5th Cir. 1999) (*overruled in part by* Arana v. Ochsner Health Plan, 338 F.3d 433, 440 n.11 (5th Cir. 2003) (en banc)). Complete preemption creates federal removal jurisdiction; that is, state law claims covered by ERISA § 502(a) are "recharacterized" as claims "arising under" federal law and are thus removable to federal court.[2] Aetna, 124 S. Ct.

---

[2] On the other hand, § 514 of ERISA, 29 U.S.C. § 1144(a), provides for ordinary conflict preemption. State law claims that fall outside § 502(a), even though preempted by § 514, follow the well-pleaded complaint rule *and do not confer original or removal jurisdiction*. *See* Franchise Tax Bd. of the State of Cal. v. Const. Laborers Vacation Trust, 103 S. Ct. 2841, 2853-55 (1983); Giles v. NYLCare Health Plans, Inc., 172 F.3d 332, 337 (5th Cir. 1999) ("When the doctrine of complete preemption does not apply, but the plaintiff's state law claim is arguably preempted under § 514(a), the district court, being

at 2495-96; Metropolitan Life, 107 S. Ct. at 1547; McClelland v. Gronwaldt, 155 F.3d 507, 516-17 (5th Cir. 1998) (*overruled in part by* Arana, 338 F.3d at 440 n.11).

Here, Defendant has not shown that Plaintiff seeks to recover benefits, enforce rights, or clarify rights under the Beasley Plan such that Plaintiff's negligence claims are completely preempted by § 502 of ERISA. In fact, Defendant has not shown that Plaintiff ever elected to become a "Participant" in the Beasley Plan at all.[3] Plaintiff seeks recovery of monetary damages not from the Beasley Plan as an ERISA claim but from Defendant, based on its alleged negligence. Plaintiff's Original Petition alleges that Defendant was negligent in failing to maintain a safe workplace, provide proper assistance, and other particulars, and none of these allegations

---

without removal jurisdiction, cannot resolve the dispute regarding preemption. It lacks power to do anything other than remand to the state court where the [§ 514] preemption issue can be addressed and resolved.").

[3] Although Defendant submits a copy of the Beasley Plan, Defendant presents no evidence that Plaintiff elected to participate in or is otherwise bound by the Beasley Plan. *See* Document No. 7. To the contrary, Plaintiff, by sworn affidavit, avers that he was informed by Beasley that because of Plaintiff's "failure to sign" Defendant's Plan Post-Injury Waiver, Release, Acceptance, and Voluntary Election, Plaintiff was not entitled to any benefits under the Plan. *See* Document No. 8 ex. A, A-1. Thus, it appears that Plaintiff is not a "Participant" in the Beasley Plan and lacks standing to assert an ERISA claim against the Beasley Plan.

necessitates an interpretation of the Beasley Plan. *See* Document No. 4 ex. A. In short, Defendant has not shown that Plaintiff's state law negligence claims can properly be recharacterized as a claim for recovery of benefits under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). Hence, Defendant has failed to establish that Plaintiff's state law negligence claims are "within the scope of the civil enforcement provisions of § 502(a)" and therefore "arise under" federal law. Metropolitan Life, 107 S. Ct. 1542; Arana, 338 F.3d at 440. Accordingly, this Court does not have removal jurisdiction and Plaintiff's motion to remand will be granted.

Plaintiff also moves for sanctions and asks the Court to order Defendant to pay costs, expenses, and attorney's fees incurred as a result of the removal. It does not appear, however, that Defendant removed this case in bad faith or that its non-removability was so obvious as to warrant an award of costs. *See* Moody Nat'l Bank of Galveston v. St. Paul Mercury Ins. Co., 193 F. Supp. 2d 995, 1002 (S.D. Tex. 2002). Accordingly, Plaintiff's request for sanctions will be denied.

### III. Order

Based on the foregoing, it is

ORDERED that Plaintiff John L. Roberts's Motion to Remand (Document No. 4) is GRANTED, and this case is REMANDED to the 152nd Judicial District Court of Harris County, Texas. Plaintiff's request for sanctions and/or costs is DENIED.

The Clerk will mail a certified copy of this Order to the Clerk of the 152nd Judicial District Court of Harris County, Texas, as required by 28 U.S.C. § 1447, and shall notify all parties and provide them with a true copy of this Order.

SIGNED at Houston, Texas, on this 25th day of April, 2005.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE